Cordero, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Sr. Efraín Morales Estrada (“Morales”) y la Sucesión de Enrique Morales Rivera y Marta Estrada Cruz (“abuelos paternos”) nos solicitan que revisemos una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la referida sentencia, se ordenó el pago de pensiones alimentarias atrasadas por parte de Morales y por los abuelos paternos y, como consecuencia, el embargo de la propiedad perteneciente a los abuelos paternos.
Luego de estudiado el expediente, analizada la posición de las partes y el derecho aplicable, procede confirmar la sentencia modificando, exclusivamente, el alcance del embargo ordenado.
I
Los hechos que dan inicio a la presente controversia son los siguientes. El 22 de octubre dé 1976, el entonces Tribunal Superior de Bayamón dictó una sentencia mediante la cual ordenó a Morales el pagó de una pensión alimentaria de $35.00 semanales para la manutención de su hija Sally Morales (“la apelada”), quien para esa fecha era menor de edad. 
El 29 de marzo de 1985 se radicó una demanda de alimentos contra los abuelos paternos dé la apelada, con el propósito de que éstos pagaran una pensión a la apelada. Posteriormente, el 9 de septiembre de 1985, los *704 abuelos paternos contestaron la demanda, eliminándose luego la comparecencia de Marta Estrada Cruz por causa de su fallecimiento.
Celebrada una vista el 15 de enero de 1987, se impuso al abuelo paterno una pensión provisional de $12.00 semanales por concepto de pensión alimentaria. Luego de celebrado el correspondiente juicio, el tribunal dispuso una pensión alimentaria de $75.00 mensuales, los cuales deberían comenzar a pagarse el 1ro de mayo de 1987. El abuelo de la apelada estuvo cumpliendo con la pensión impuesta desde el 21 de enero de 1987 hasta el 23 de enero de 1990. Transcurrido un tiempo, se radicó contra éste una “Moción de Desacato” por adeudar una cantidad ascendente a $250.00 por concepto de pensiones atrasadas.
Posteriormente, la apelada radicó otra “Moción de Desacato” alegando que la deuda ascendía a $3,225.00. Mientras tanto, el 9 de junio de 1993, ésta cumplió los 21 años de edad. Luego de varios trámites ante el Tribunal de Primera Instancia, el 8 de octubre de 1994, dicho foro ordenó que en el término de diez (10) días se pagara la totalidad de la cantidad reclamada por concepto de atrasos en el pago de pensión alimentaria y se señaló vista para el 21 de diciembre de 1994. La vista se celebró según pautada y se informó que el abuelo paterno había fallecido el día 11 de mayo de 1994.
Así las cosas, el 22 de diciembre de 1997, la apelada radicó una demanda de alimentos contra Morales y los abuelos paternos. En esencia, solicitó al Tribunal de Primera Instancia que decretara que los abuelos paternos fallecidos le adeudaban la cantidad de $3,400.00 y que Morales adeudaba la suma de $36,787.00. Además, solicitó que se autorizara y se ordenara el embargo de la propiedad perteneciente a los abuelos paternos.
En escrito fechado 18 de febrero de 1998, los abuelos paternos presentaron ante el Tribunal de Primera Instancia una “Moción de Desestimación” por prescripción, aduciendo que al momento de presentar la demanda, la apelada tenía 25 años, por lo que la pensión alimentaria adjudicada había prescrito. Dicha solicitud fue declarada “No Ha Lugar” por el tribunal apelado. En escrito fechado 5 de octubre de 1998, la apelada solicitó señalamiento de vista y que se anotase la rebeldía a los co-demandados Hilda Morales Estrada, Ruth Morales Estrada, Haydeé Morales Estrada y Enrique Morales Estrada. En órdenes emitidas por el Tribunal de Primera Instancia, se anotó la rebeldía a todos.
Así las cosas, las partes fueron notificadas el 30 de diciembre de 1998 sobre el señalamiento de vista en su fondo para el 26 de enero de 1999. Tras celebrarse la misma, el tribunal a quo dictó sentencia declarando “Con Lugar” la demanda y ordenando anotación de embargo en el inmueble perteneciente a los abuelos paternos, hasta completar la cantidad total de $40,187.00.
Inconformes, los miembros de la sucesión acuden ante nos y sostienen que el Tribunal de Primera Instancia cometió los siguientes errores:

“Erró el Honorable Tribunal de Primera Instancia al condenar a los apelantes al pago de pensión alimentaria a pesar de que el derecho de la apelada a reclamarlos ya había prescrito.

Erró el Honorable Tribunal de Primera Instancia al ordenar la anotación de embargo en el inmueble que es propiedad de la sucesión de Enrique Morales Rivera, a pesar de que la obligación de pasar pensión cesó al momento de éste fallecer, y que la misma no es transmisible a sus herederos. ”

Encontrándonos en posición de resolver, así lo hacemos.
*705 II
Es principio medular en nuestra jurisdicción que la institución de alimentos patemo-filiales tiene un carácter dinámico y está revestida del mayor interés público. González v. Suárez Milán, _ D.P.R. _ (1992), 92 J.T.S. 91, a la pág. 9690. Cónsóno con ese principio, en el ámbito de alimentos es necesario que la interpretación se haga flexiblemente “sin ceñirse a conceptos rígidos que impidan o dificulten lograr equitativamente los propósitos importantes que informan la institución de alimentos en nuestro ordenamiento jurídico. ” Id. Véase en general a Rodríguez v. Rodríguez Beruff, 117 D.P.R. 616 (1986). Sin lugar a dudas, la obligación de alimentar es una primordial cuyo cumplimiento debe exigirse con el mayor rigor. Analicemos el derecho aplicable.
OBLIGACION SUBSIDIARIA
En el presente caso, conforme lo establece el artículo 143 del Código Civil de Puerto Rico, el foro apelado determinó que los abuelos paternos de la apelada debían pagar pensión alimentaria a ésta. 31 L.P.R.A. see. 562. El referido artículo provee para la obligación alimentaria de los abuelos a sus nietos. Además, el artículo 144 del mismo Código señala el orden de la obligación alimentaria disponiendo que, luego de los cónyuges, en segundo tumo, a los ascendientes del grado más próximo. 31 L.P.R.A. sec. 563. Del propio artículo, se. desprende que la obligación de los abuelos es subsidiaria, a falta de padres alimentantes o cuando éstos carezcan de fortuna suficiente para alimentar a sus hijos.
En tomo a la obligación de los abuelos, en Piñeiro Crespo v. Gordillo Gil, 122 D.P.R. 246, a las págs. 252-253 (1988), el Tribunal Supremo expresó que:

“La obligación legal de los abuelos de alimentar a sus nietos surge de los artículos 143 y 144 del Código Civil, 31 L.P.R.A. sec. 562 y 563. Dicha obligación es de naturaleza subsidiaria. Es decir, surge cuando los padres no pueden proveerles a sus hijos los alimentos; ya sea porque están física o mentalmente incapacitados para hacerlo, o porque no cuentan con suficientes recursos económicos para cumplir su obligación. Vega v. Vega, 85 D.P.R. 675 (1962), Manresa, Comentarios al Código Civil Español, 7ma. Ed. Madrid, Reus, 1956, T. I, pág. 809".

A tenor con lo anterior, el tribunal actuó correctamente al determinar que los abuelos paternos de la apelada venían obligados a pasarle una pensión en ausencia del padre. Su obligación era una claramente subsidiaria. Ahora bien, dicha obligación cesó con la muerte de los abuelos paternos. Veamos porqué.
Un decreto judicial fijando la cuantía de la pensión alimentaria quedará vigente hasta tanto se emita otro decreto judicial modificando en alguna forma o dejando sin efecto el decreto anterior. 8 L.P.R.A. see. 518. Sin embargo, la legislación vigente establece varias causas por las cuales cesa o se extingue el derecho del alimentista. Una de las razones es la muerte del alimentante o la muerte del alimentista. En situaciones como esta, la pensión otorgada cesa automáticamente, ipso jure, por razón de la ocurrencia misma del evento. La premisa básica de la extinción por muerte de uno u otro es que se trata de una obligación personalísima que no es transmisible a un tercero, ni tampoco a los herederos de cualquiera de ellos. Sarah Torres Peralta, La Ley Especial de Sustento de Menores y el Derecho de Alimentos en Puerto Rico, 49 Rev. Col. Abog., pág. 123: (1988). Sin embargo, debemos tener claro que las pensiones atrasadas son deudas de la sucesión del alimentante y pueden ser cobradas a los herederos si no están prescritas. Esto es así, porque la sucesión de una persona comprende, entre otras cosas, los derechos y obligaciones del alimentante, tal y como existían al momento de su muerte. Art. 601 del Código Civil, 31 L.P.R.A. sec. 2083.
Aun cuando la obligación de los abuelos paternos cesó con sus respectivas muertes, las pensiones atrasadas *706 constituyen una deuda que tiene la sucesión de epígrafe para con la apelada. En este sentido, el foro apelado actuó correctamente al reiterar la existencia de dicha deuda.
PRESCRIPCION DE ALIMENTOS
Una de las controversias centrales del presente caso gira en tomo al tema de la prescripción en el ámbito de las pensiones alimentarias. En primer lugar, es necesario hacer una distinción entre el derecho a reclamar alimentos y el término que hay para reclamarlos.
Es norma establecida que el derecho a reclamar alimentos no prescribe nunca. Esto quiere decir, que no importa en qué época de la vida el alimentista necesite los alimentos, puede reclamarlos al alimentante que cuente con los recursos para cumplir su obligación. Sarah Torres Peralta, supra, a la pág. 134. Puede aceptarse en nuestro Derecho, con relación a la obligación legal alimenticia, la regla de que el derecho de alimentos en sí es de carácter vitalicio e imprescriptible. Caridad Brea v. Miguel Pardo, 113 D.P.R. 217, 222-224 (1982).
Por otro lado, el artículo 1866 del Código Civil dispone que prescribe a los cinco (5) años la acción para reclamar pensiones adeudadas por falta de cumplimiento de la obligación alimenticia. 31 L.P.R.A. see. 5296. En el citado caso Caridad Brea v. Miguel Pardo, supra, a la pág. 222, el Tribunal Supremo expresó con claridad que, aun cuando el derecho de alimentos es imprescriptible, el derecho a pedir el pago de cada una de las pensiones vencidas prescribe a los cinco (5) años. Dicho término prescriptivo corre siempre que haya un decreto judicial, independientemente que el mismo sea culminación de una determinación judicial imponiendo una pensión o que lo sea de una estipulación de alimentos. Más aún, en el caso de Rodríguez Avilés v. Rodríguez Beruff, supra, a la pág. 622, se expone la razón de la prescripción de cinco (5) años, en situaciones de deuda de alimentos dejados de pagar. Específicamente, se dijo lo siguiente:

“Es precisamente el carácter sui géneris de esta obligación lo que motivó al legislador a imponer en el Art. 1866 un término prescriptivo de cinco años para este tipo de acciones. Su propósito es proteger al deudor contra la acumulación indefinida de su deuda. Brea v. Pardo, 113 D.P.R. 217, 223 (1982); J.M. Manresa, Comentarios al Código Civil Español, 6ta. Ed., Madrid, Ed. Reus, 1973, T. XII, págs. 865, 1205; J. Castán Tobellas, Derecho civil español, común y foral, 10ma. ed., Madrid, Ed. Reus, 1963, T. I, Vol. 2, pág. 843; M. Planiol y G. Ripert, Tratado práctico de derecho civil francés (M. Díaz Cruz, trad.), La Habana, Ed. Cultural, 1936, T. 7, Vol. 2, págs. 666-667. La prescripción del art. 1866 del Código Civil también está predicada en una presunción de pago. Si el alimentista con plena capacidad legal no reclamó su derecho por un período largo de tiempo, debemos presumir que los alimentos fueron pagados o no los necesitaba. Además, el Art. 1866 pretende proteger al deudor no sólo de reclamaciones remotas, razón de ser de toda prescripción extintiva, sino de que la deuda no aumente a un nivel que afecte la solvencia económica del deudor. Q.M. Scaevola, Código Civil, Madrid. Ed. Reus, 1965, T. 32, Vol. 2, págs. 333-334”.

El término de cinco (5) años para la reclamación por alimentos fijados por autoridad judicial y dejados de pagar comienza a contar desde que la acción pudo ser ejercida, es decir, desde el pago de la última pensión alimenticia. Art. 1869 del Código Civil, 31 L.P.R.A. sec. 5299.
Ahora bien, en el caso de los menores de edad, la prescripción no corre contra éstos, por lo que el término de cinco (5) años no constituye impedimento para reclamar la totalidad de los años que adeude el alimentante a un alimentista menor de edad, luego de éstos quedar emancipados. Esto es así, porque la norma en nuestra jurisdicción es que la prescripción no corre en perjuicio de los menores o incapacitados. Rodríguez Avilés v. Rodríguez Beruff, supra, a la pág. 625. En circunstancias como la actual, un alimentista menor de edad puede radicar su reclamación por la deuda atrasada del alimentante hasta cinco (5) años desde su emancipación. En *707 tomo a este tema, el Tribunal Supremo ha expresado lo siguiente:
"... Como norma general, la prescripción de las acciones no corre contra menores. Nunca nos hemos apartado de esa posición. Por el contrario, la hemos reafirmado. Gómez v. Márquez, 81 D.P.R. 721, 727 (1960); Márquez v Tribunal Superior, 85 D.P.R. 559, 562 (1962).
... No obstante las razones de orden público anteriormente descritas que informan las normas de prescripción extintiva y en especifico el plazo de cinco (5) años del Art. 1866, el legislador, a través del Art. 40 del Código de Enjuiciamiento Civil, optó por anteponer el interés de proteger al menor sobre el interés general protegido por la prescripción. Puede decirse que la norma sobre los términos prescriptivos se basa en consideraciones de orden y de procedimiento mientras que la norma que comprende el Art. 40 es una de justicia'. Márquez v. Tribunal Superior, supra, págs. 562-563. A través del Art. 40, el menor queda protegido contra una posible negligencia de su padre o tutor. En nuestra jurisdicción, este interés prevalece por encima de los intereses que pretende proteger la prescripción extintiva. ”
Por las razones expuestas anteriormente, resolvemos que “la prescripción del Art. 1866 no corre contra los menores. Aunque la tendencia moderna es a favor de establecer un término prescriptivo para la radicación de las acciones por pensión alimenticia adeudada a menores, la norma contenida en el Art. 40 del Código de Enjuiciamiento Civil es la ley vigente. Sostener lo contrario, conllevaría enmendar judicialmente una disposición expresa de la ley para sustituirla por otra pautada por este cuerpo. ” Rodríguez Avilés, a la pág. 626.
En el presente caso, la apelada quedó emancipada al cumplir la mayoría de edad el 9 de junio de 1993. Desde la fecha en que cumplió la mayoría de edad hasta el momento en que se radicó la demanda de epígrafe el 22 de diciembre de 1997, no habían transcurrido cinco (5) años. Por tal motivo, actuó correctamente el Tribunal de Primera instancia al determinar que no procedía la desestimación bajo el fundamento de prescripción.
Sin embargo, en tomo al alcance del embargo, tenemos que exponer que el mismo no puede sostenerse de la forma en que se anotó en el Registro de la Propiedad. Tal y como expusimos previamente, es claro que la sucesión responde por la cantidad que adeudaban los abuelos paternos en concepto de pensiones atrasadas, esto es, la suma de $3,400.00. Sin embargo, la sucesión no puede ser lesionada por la deuda de $36,787.00 que tiene exclusivamente Morales para con la apelada. Es por esto que la orden de embargo debe ser modificada para que lea como sigue:

“ORDEN

SE ORDENA a usted, Registrador de la Propiedad a cargo de la Sección Primera de Carolina, Puerto Rico, a que anote un EMBARGO a favor de la demandante Sally Morales Sepulveda declarado por el Tribunal Superior de Puerto Rico, Sala de Bayamón, Caso Núm. DAL97-1116 (701) Sobre: Alimentos, por la suma de $3,400.00 contra la Sucesión de Enrique Morales Rivera y Marta Estrada Cruz, y contra la participación de Efraín Morales Estrada sobre todo título o interés que pudiera tener éste como miembro de la Sucesión hasta la suma de 36,787.00, en el inmueble que se describe a continuación:

Relativa a la finca número 4,245 (antes 9279), inscrita alfolio 36 al 38 vo. del Tomo 118 de la Sección Primera de Carolina, Puerto Rico.

Devolvemos el expediente para que el Tribunal de Primera Instancia emita una orden o resolución ulterior *708 cr conformidad, con lo aquí dispuesto. ’
III
Por los fundamentos previamente expuestos, se modifica la sentencia apelada y así modificada, se confirma la misma.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2000 DTA 20
1. Según se desprende del expediente, Morales no ha negado que desde establecida la pensión, ha incumplido con el pago de la misma.